Shawn A. LOCKETT, Sr., Appellant

v.

Warden Dominick DEROSE.

No. 09–3561.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 25, 2009.

Opinion Filed: Dec. 11, 2009.

Shawn A. Lockett, Sr., Labelle, PA, pro se.

Gary H. Dadamo, Esq., Cheryl L. Kovaly, Esq., Lavery, Faherty, Young & Patterson, Harrisburg, PA, for Appellee.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

Shawn A. Lockett, Sr., a Pennsylvania state inmate, filed this civil rights action under 42 U.S.C. § 1983 against Dominick DeRose, the Warden at Dauphin County Prison, asserting several violations of his constitutional rights.[1] Lockett filed his complaint on August 18, 2008, in the Dauphin County Court of Common Pleas. The state court transferred the action to the United States District Court for the Middle District of Pennsylvania, where it was entered on the docket on September 8, 2008.

The District Court granted Lockett leave to proceed *in forma pauperis.* After service of the complaint, Warden DeRose filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, *inter alia*, that Lockett, by his own admission in the complaint, did not exhaust administrative remedies through the prison grievance process prior to filing suit, as required under 42 U.S.C. § 1997e(a).[2] Lockett responded by arguing that he "did put in grievances" but had "no respon[se] back from the warden." He further contended that all of his belongings were confiscated after June 16, 2008, "so th[ere] was no way ... to follow up with the grievances ... put in" because he was "without paper or anything to write with."

The District Court granted the motion to dismiss. It noted that Lockett signed the complaint on July 28, 2009, and that it was clear from the face of the complaint that Lockett did not exhaust the grievance process prior to that date. The District Court rejected Lockett's contention that he could not exhaust due to a lack of paper or pen, observing that this contention is inconsistent with the factual allegations set forth in the complaint. As averred in the complaint, Lockett's belongings were confiscated following a June 16, 2008, incident, but were returned on July 10, 2008. Lockett received a write up sometime after the June 16 incident, and he was able to appeal that write up to Warden DeRose, who responded to the appeal before Lockett filed his complaint. The District Court noted that these factual allegations under-

---

1. Lockett sought damages and other relief based on, *inter alia*, an alleged denial of adequate medical care; denial of sanitary housing conditions; denial of access to the courts, to church services, to mail, and to the law library; a challenge to his placement in lockdown status; a challenge to receipt of a misconduct report; and prison officials' alleged use of excessive force to quell a disturbance.

2. Lockett averred in the complaint that there is a grievance procedure available at Dauphin County Prison, that he filed a grievance concerning the facts relating to this complaint, but that he did not complete the grievance process before filing suit.

mine Lockett's subsequent contention that Warden DeRose had failed to respond to his grievances, or that Lockett was unable to "follow up with the grievances ... put in." Accordingly, the District Court dismissed Lockett's complaint, without prejudice, for failure to exhaust available administrative remedies prior to filing suit.

Lockett timely filed a motion for reconsideration, to which he attached copies of: (i) a grievance response dated August 19, 2008, from the Commissioner of the Prison Board of Inspectors, advising Lockett that a grievance he had filed was denied, and that he could appeal further to the full Prison Board; and (ii) a grievance response dated September 10, 2008, from the Prison Board Solicitor, advising that the Prison Board had denied Lockett's appeal, and that Lockett could appeal further to the Dauphin County Solicitor. Lockett did not submit evidence of an appeal to the Dauphin County Solicitor, nor did he claim to have pursued such an appeal.

The District Court denied reconsideration. It explained that, even if it is assumed that Lockett filed an appeal to the Dauphin County Solicitor and completed the grievance process, his exhaustion of administrative remedies occurred only after the filing of his complaint. Because the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust before filing suit, Lockett did not satisfy the exhaustion requirement.

Lockett timely filed this appeal, and he has been granted leave to proceed *in forma pauperis.* This Court has appellate jurisdiction under 28 U.S.C. § 1291. Because Lockett's appeal lacks an arguable basis in law or fact, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

As the District Court observed, the PLRA provides that an inmate must refrain from bringing suit "until such administrative remedies as are available are ex-

hausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Proper exhaustion requires that an inmate proceed through all available steps in the administrative review process, and that the inmate do so in accordance with established deadlines and procedural rules so that the reviewing body can addresses the issues raised. *See Woodford v. Ngo,* 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Courts have recognized that an inmate cannot satisfy the PLRA by exhausting administrative remedies after filing suit. *See, e.g., Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir.2003) ("[I]n considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.").

Here, Lockett dated his complaint July 28, 2008, it was filed in state court on August 18, 2008, and it was entered on the District Court's docket on September 8, 2008. Assuming *arguendo* that September 8 reflects the date on which Lockett filed suit, it is clear from Lockett's own representations and submissions that he did not complete the administrative review process prior to that date. Lockett received an intermediate-level response to his grievance from the Prison Board Solicitor on September 10. Assuming that Lockett pursued the next level in the administrative process through an appeal to the Dauphin County Solicitor, that appeal necessarily occurred after he had filed suit in

federal court. Accordingly, the District Court properly granted the motion to dismiss and dismissed the complaint without prejudice for failure to comply with § 1997e(a).

For these reasons, we will dismiss the appeal pursuant to § 1915(e)(2)(B).